# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> Plaintiff,<br><br>   v.<br><br>ERNEST ARMANDO ANDUJO,<br> Defendant. | CR 18-00835-DSF<br><br>Order GRANTING in Part and DENYING in Part Government's Motions *in Limine* (Dkts. 38, 39) |

 Before the Court are the government's motions *in limine* to introduce certain evidence at trial. All rulings on motions *in limine* are tentative. The issues may be raised again during trial—outside the presence of the jury—if circumstances change.

 <u>Motion in Limine No. 1 (MIL1)</u>

 The government seeks to introduce two self-authenticating documents: (1) a residential lease agreement executed by defendant on September 2, 2018 and (2) California Department of Justice Bureau of Firearms Certifications of Firearm History. The defense does not oppose MIL1. For the reasons stated in MIL1, the documents are admitted pursuant to Federal Rule of Evidence 902.

 MIL1 is GRANTED.

Motion in Limine No. 2 (MIL2)

A.  **Evidence Concerning the Theft**

The government seeks to introduce evidence that officers obtained a search warrant to look for stolen parts in Mr. Andujo's home. The government does not intend to introduce in its case-in-chief that Mr. Andujo was accused of theft or specify Mr. Andujo's role in the theft, but seeks to introduce that the warrant authorized a search for stolen items in Mr. Andujo's home.[1]

The Ninth Circuit permits two categories of evidence that may be "inextricably intertwined" with a charged offense and therefore admitted without regard to Rule 404(b) of the Federal Rules of Evidence. Evidence of prior acts may be admitted as "inextricably intertwined" with the charged offenses if (1) "the evidence 'constitutes a part of the transaction that serves as the basis for the criminal charge'" or (2) when necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)).

The government asserts that evidence that the officers were searching Mr. Andujo's home to investigate a theft falls under the second exception—necessary to provide a coherent and comprehensible story. The government contends this is so

---

[1] In the alternative, the government seeks to introduce evidence that the search/arrest warrant related to a theft charge if defense counsel "opens the door" by introducing testimony that Mr. Andujo was never questioned about the silencers or other weapons. If the defense introduces evidence concerning the investigation, government counsel may raise this issue again outside the presence of the jury. The Court suggests the parties discuss the potential questions on this topic to avoid a dispute at trial over whether the "door has been opened."

2

because it explains why the officers were searching Mr. Andujo's home.

"In determining whether particular evidence is necessary to the prosecution's 'coherent and comprehensible story,'" the Court considers whether "the evidence bears directly on the charged crime." United States v. Wells, 879 F.3d 900, 928-29 (9th Cir. 2018) (quoting Vizcarra-Martinez, 66 F.3d at 1013). "There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." Id. (quoting Vizcarra-Martinez, 66 F.3d at 1013). Here, testimony concerning the basis for the search warrant and circumstances around the alleged theft does not bear directly on—or even relate to—the charged offenses of possession of possession of unregistered firearms and possession of firearms without serial numbers. It is sufficient context for the jury to be informed that the officers were lawfully in Mr. Andujo's home pursuant to a search warrant, without more. There is no need to identify that the officers were executing the warrant to investigate an alleged theft or were looking for stolen items in Mr. Andujo's home for the jury to understand that the officers lawfully discovered the firearms forming the basis of the charges. Moreover, the risk of unfair prejudice substantially outweighs the probative value of the evidence.[2] The parties may wish to enter a stipulation to be read to the jury to make clear that the search was lawful rather than asking potentially problematic questions.

---

[2] It is possible, of course, that in the absence of the real reason for the search, the jury will assume it relates to a crime far more serious than the actual crime at issue. The Court leaves it to defense counsel to decide whether to withdraw this objection.

## B.  Other Items Discovered in Mr. Andujo's Home

The government seeks to introduce evidence of the other firearms and weapons discovered in Mr. Andujo's home because they are inextricably intertwined with the charged offenses. In the alternative, the government contends the firearms, weapons, and other items[3] discovered in Mr. Andujo's home are admissible to prove possession, knowledge, lack of mistake, and lack of accident. Mr. Andujo opposes the inclusion of this evidence other than the American Tactical Import rifle.

### 1.  Inextricably Intertwined

The government contends the other firearms and weapons are inextricably intertwined with the charged offenses because they are "part of the transaction that serves as the basis for the criminal charge[s]." DeGeorge, 380 F.3d at 1220. The government argues it is necessary to put Mr. Andujo's "illegal conduct" in context and to rebut two possible defenses: (1) that Mr. Andujo did not possess the silencers or (2) Mr. Andujo did not know the nature of the devices as silencers.

The government relies on United States v. Daly, 974 F.2d 1215 (9th Cir. 1992) where a defendant was charged with being a felon in possession of a firearm. Id. at 1217. Evidence regarding a shoot-out between the defendant and police was necessary to put the defendant's illegal conduct (firearm possession) into context and to rebut his claims of self-defense. Id. The Ninth Circuit rejected the defense contention that the shoot-out evidence should be omitted because the government need only show the defendant was a convicted felon in a possession of a firearm, and that he surrendered after eleven hours of surveillance when police fired

---

[3] The "other items" are rifle magazines and an oil filter with threaded adapter and tools.

tear gas into the room.  Id.  The Ninth Circuit reasoned that the "jury is entitled to know the circumstances and background of a criminal charge" and that "it cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge."  Id. (internal citation omitted).  Here, unlike the evidence relating to theft, the firearms and weapons were found at the same time and in the same place as the purported silencers.  The evidence provides some context to the underlying charges, and may help the presentation of a coherent story, as well as to establish possession and knowledge.

As the Court finds the evidence is clearly admissible pursuant to Federal Rule of Evidence 404(b)(1) for the reasons stated below, it need not determine whether the evidence is "inextricably intertwined."

### 2. Evidence of the Firearms is Relevant and Admissible to Prove Identity and Knowledge

Rule 404(b)(1) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character or trait."  However, the evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b)(2). The district court may admit evidence of other acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based on sufficient evidence; and (4) in cases where knowledge or intent is at issue, is similar to the offense charged.  United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010).

The firearms are probative of Mr. Andujo's knowing possession of the purported silencers.  The firearms are registered under Mr.

5

Andujo's name and were discovered in the same place (and at the same time) as the purported silencers. Given that Mr. Andujo lived with three adult co-lessees, evidence that the purported silencers were found among Mr. Andujo's firearms is highly probative of knowing possession. In addition, the jury could reasonably conclude that someone with such a substantial interest in firearms would also know that the purported silencers could, in fact, be used as silencers.

The Court must still balance the evidence under Rule 403. The Court finds that the probative value of the other firearms is not substantially outweighed by unfair prejudice – especially considering that the weapons were legally purchased. Nor is this evidence likely to confuse the issues or mislead the jury. The firearms are admissible.

### 3. The Firearms, Magazines, and Other Weapons Are Admissible to Prove Knowledge of the Nature of Silencers

For each of the charged offenses, the government must prove that Mr. Andujo knew the specific characteristics that qualified the silencers as firearms under the relevant statute. United States v. Montoya-Gaxiola, 796 F.3d 1118, 1122-23 (9th Cir. 2015). The government must therefore prove that Mr. Andujo was aware the devices were silencers and not fuel filters. It seeks to introduce the firearms, magazines, and "other weapons" as proof of Mr. Andujo's knowledge. It also seeks to include testimony concerning a flash suppressor attached to the American Tactical Import rifle.

When Rule 404(b) evidence is offered to prove knowledge, the similarity requirement does not require that the prior act be precisely the same as the charged act, "as long as the prior act was one which would tend to make the existence of the defendant's

knowledge more probable than it would be without the evidence." United States v. Rodriguez, 880 F.3d 1151, 1167 (9th Cir. 2018).

Here, Mr. Andujo's possession of firearms is probative of his knowledge of firearms. That knowledge makes knowledge of the nature of silencers more likely. Testimony concerning the flash suppressor attached to the American Tactical Import rifle is also probative of Mr. Andujo's knowledge as to the nature of the purported silencers.[4] But testimony concerning any California state charges that were brought and then dropped concerning the flash suppressor is not admissible under Rule 403.[5]

The eleven rifle magazines that were found in the same place and at the same time as the silencers are probative of Mr. Andujo's knowledge because a reasonable trier of fact could make the rational inference that possession of magazines demonstrates a familiarity with firearms and related items. The Court finds the probative value of this evidence is not outweighed by undue prejudice.

### 4. The Oil Filter, Threaded Adapter, Tools, and Other Items are Admissible to Prove Knowledge

The government seeks to introduce evidence of an oil filter and threaded adapter found in the same closet as the firearms and other weapons. The items were attached to each other but not attached to any firearms. The government also seeks to introduce photos of two drill presses discovered in the garage the same day.

---

[4] The Court reserves until the time of trial determination of the admissibility of the American Tactical Import Rifle Manual. That Mr. Andujo did not possess and may never have seen the manual is not dispositive if the manual provides information concerning use of the flash suppressor.

[5] If testimony at trial suggests this evidence is relevant and more probative than prejudicial, the government may bring this to the Court's attention outside the presence of the jury.

The government contends that if the oil filter had been further modified by the tools found in the garage, it and the threaded adapter could have been attached to a firearm to mimic a firearm suppressor. The government seeks to introduce these items as circumstantial evidence that Mr. Andujo knew the purported silencers were silencers – possibly because he made them. The government also states that they prove identity, absence of mistake, and lack of accident.

    The Court agrees that these items are circumstantial evidence that Mr. Andujo was familiar with items that can be used as, or modified to be used as, silencers – and therefore that the items that are the basis of the current charges were in fact silencers. That the purported silencers were kept in a bag with other weapons – the brass knuckles, darts, knives, and saps – also tends to suggest Mr. Andujo considered them to be weapons or weapons-related.

    Having balanced the Rule 403 factors, the Court finds this evidence is admissible.

    MIL2 is GRANTED in PART and DENIED in PART.

    IT IS SO ORDERED.

Date: September 4, 2019

                                                Dale S. Fischer
                                                United States District Judge